IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANN-MARIE DE SOUZA,

    Plaintiff,

       v.

JP MORGAN & CHASE CO., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-2447-TWT

## OPINION AND ORDER

This is an action seeking to enjoin the foreclosure of the Plaintiff's mortgage. It is before the Court on the Defendant JPMorgan & Chase Co.'s, Chase Home Finance LLC's, and EMC Mortgage Corporation's Motion to Dismiss [Doc. 68] and the Defendant McCurdy & Candler LLC's Motion to Dismiss [Doc. 69]. For the reasons set forth below, the Defendants' Motions to Dismiss are both GRANTED.

## I. Background

On July 30, 2003, the Plaintiff Ann-Marie De Souza obtained a residential loan from Homebanc Mortgage Corporation. (Second Am. Compl. ¶ 7.) In connection therewith, the Plaintiff signed a promissory note and a security deed in favor of Homebanc. (Second Am. Compl. ¶ 7.) Some time after, Homebanc and the Defendant JPMorgan & Chase Co. entered into an agreement where Chase purchased servicing

rights to a number of loans issued by Homebanc. (Second Am. Compl. ¶ 12.)  This agreement allegedly did not include the Plaintiff's loan. (Second Am. Compl. ¶ 13.) However, on December 1, 2007, Chase began requesting mortgage payments from the Plaintiff. (Second Am. Compl. ¶ 14.)  Additionally, on an unspecified date, the Federal National Mortgage Association ("Fannie Mae") purchased the Plaintiff's loan. (Second Am. Compl. ¶ 20.)

On December 6, 2007, Homebanc assigned the security deed to MERS. (Second Am. Compl. ¶ 15.)  On January 3, 2012, MERS assigned the security deed to Chase. (Second Am. Compl. ¶ 15.)  On March 7, 2009 – before Chase allegedly held the security deed – Chase and the Defendant McCurdy and Candler, LLC began sending the Plaintiff notices of acceleration and foreclosure. (Second Am. Compl. ¶ 22.)  The Plaintiff was allegedly not given notice at least thirty days prior to the date of acceleration as required by the security deed. (Second Am. Compl. ¶ 24.)  There is no allegation that a foreclosure sale has taken place.

The Plaintiff brought suit, asserting claims for (1) declaratory and injunctive relief, (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), (3) violation of the Truth in Lending Act ("TILA"), (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), (5) breach of contract, (6) trespass, (7) intentional and negligent infliction of emotional distress, (8) invasion of privacy, and

(9) violation of the Georgia Fair Business Practices Act ("FBPA").  The Defendants move to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim

and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368 (11th Cir. 1997). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1369.

### III. Discussion

#### A. Declaratory and Injunctive Relief

The Plaintiff is not entitled to equitable relief because she has not alleged that she offered to tender the undisputed amount due on her loan.  "A borrower who has executed a deed to secure debt is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due." Mickel v. Pickett, 241 Ga. 528, 535 (1978); see also Sapp v. ABC Credit & Inv. Co., 243 Ga. 151, 158 (1979) ("Under the usual rule, before [a plaintiff] would be entitled to equitable relief, she must do equity and tender the amount due under the security deed and note."). "[A]

borrower must tender the amounts admittedly due even though it claims that the lender has breached some independent covenant in the contract." Mickel, 241 Ga. at 537.

Here, the Plaintiff does not allege that she offered to tender the amount due. Indeed, she does not allege that she offered to tender any amount. In response, the Plaintiff argues that she has not admitted that she was in default. (Pl.'s Resp. to Mot. to Dismiss, at 6.) This is without merit. Nowhere in the Second Amended Complaint does the Plaintiff allege that she was current on her loan. Accordingly, the Plaintiff's requests for equitable relief should be dismissed.

### B. RESPA and TILA

The Plaintiff's RESPA and TILA claims are time barred. First, the Plaintiff argues that Chase violated the RESPA by failing to send her timely notice indicating that Chase was the new servicer of her loan. "Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer," 12 U.S.C. § 2605(c)(1), and such notice must generally "be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan," 12 U.S.C. § 2605(c)(2)(A). "Whoever fails to comply with any provision of [section 2605] shall be liable to the borrower." 12 U.S.C. § 2605(f). "Any action pursuant to . . . section 2605 . . . may be brought . . . *within 3 years* . . . of a violation of section 2605." 12

U.S.C. § 2614 (emphasis added).  Here, Chase allegedly became the servicer of the Plaintiff's loan on November 2, 2007. (Second Am. Compl., Ex. C.)  The Plaintiff filed the current action over four years later, on March 8, 2012. [Doc. 1].  Thus, the statute of limitations forecloses the Plaintiff's RESPA claim.  In response, the Plaintiff argues that equitable tolling applies to RESPA claims. (Pl.'s Resp. to Mot. to Dismiss, at 6.)  However, "[i]n order to be entitled to the benefit of equitable tolling, a [plaintiff] must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control[,] [and] [t]he burden of establishing entitlement to this extraordinary remedy rests with the [the plaintiff]." McCarley v. KPMG Int'l, 293 Fed. Appx. 719, 722-23 (11th Cir. 2008) (internal quotation marks omitted). Even assuming that equitable tolling applies to RESPA claims[1], the Plaintiff alleges no facts suggesting that it would excuse her delay here.  Accordingly, the Plaintiff's RESPA claim should be dismissed.

Second, the Plaintiff argues that Chase violated the TILA by failing to provide a timely response to the Plaintiff's request to have her mortgage transaction rescinded. "When a borrower exercises a valid right to rescission, the creditor must take action within twenty days after receipt of the notice of rescission." Frazile v. EMC Mortgage

---

[1] "This circuit has not addressed the issue directly, but acknowledged the potential application of equitable tolling to RESPA actions." McCarley, 293 Fed. Appx. at 723 n.6.

Corp., 382 Fed. Appx. 833, 839 (11th Cir. 2010) (citing 15 U.S.C. § 1635(b)). "Failure to do so constitutes a separate violation of TILA, actionable under § 1640." Id. However, there is a one-year limitations period for section 1635(b) claims, and it "runs from twenty days after a plaintiff gives notice of rescission." Id. Here, the Plaintiff alleges that she sent Chase a "Notice to Rescind" on October 24, 2008. (Second Am. Compl. ¶ 55.) As noted, this action was filed on March 8, 2012, well over a year after the alleged section 1635(b) violation. In response, the Plaintiff again argues that equitable tolling applies.. As explained in the RESPA discussion, this argument is without merit. Accordingly, the Plaintiff's TILA claim should be dismissed.

**C. FDCPA**

The Plaintiff argues that the Defendant Chase violated the FDCPA by threatening foreclosure. "The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." Acosta v. Campbell, 309 Fed. Appx. 315, 319 (11th Cir. 2009). "The FDCPA applies to 'debt collectors,' as defined as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Id. (citing 15 U.S.C. § 1692a(6)). "[T]he statute specifically says that a person in the business of enforcing security interests is a 'debt collector' for the purposes of § 1692f(6), which reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act." Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009). Thus, "an enforcer of a security interest *only* qualifies as a 'debt collector' for the purpose of § 1692f(6)." Ausar-El ex rel. Small, Jr. v. BAC (Bank of Am.) Home Loans Servicing LP, 448 Fed. Appx. 1, 1 (11th Cir. 2011) (emphasis added). This provision forbids "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if -- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).

Here, the Plaintiff argues that she has a plausible claim under section 1692f(6) because Chase threatened "a nonjudicial foreclosure to effect dispossession of the Plaintiff from the Property."[2] (Pl.'s Resp. to Mot. to Dismiss, at 18.) But the Plaintiff

---

[2] The Plaintiff also claims that she received letters "prematurely accelerating the debt," (Pl.'s Resp. to Mot. to Dismiss, at 18), but she never explains how this constitutes a violation of section 1692f(6), nor does she cite to any other FDCPA

does not dispute that Chase currently holds the security deed and that the Plaintiff is in default. Accordingly, the Plaintiff's FDCPA claim should be dismissed.  See <u>White v. Bank of Am., N.A.</u>, 1:12-CV-3834-WSD, 2013 WL 1963786, at *3 n.12 (N.D. Ga. May 10, 2013) ("There is a clear present right for BANA to take possession of the Property because the Security Deed evidences BANA's right to possess the Property . . . Plaintiffs fail to state a claim for relief under Section 1692f(6).").[3]

### D. Breach of Contract

The Plaintiff claims that the Defendant Chase breached the security deed by accelerating her loan without providing timely notice. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." <u>Kuritzky v. Emory Univ.</u>, 294 Ga. App. 370, 371 (2008).  "Damages recoverable for a breach of

---

provision that may have been violated. In any event, to the extent that the Plaintiff is relying on the allegation that her loan was prematurely accelerated, her claim is time barred. "[A]ctions to enforce liability created by the FDCPA must be brought 'within one year from the date on which the violation occurs.'" <u>Maloy v. Phillips</u>, 64 F.3d 607, 608 (11th Cir. 1995) (citing 15 U.S.C. § 1692k(d)). Here, the Plaintiff alleges that she was notified that her loan had been accelerated on March 7, 2009. (Second Am. Compl. ¶ 22.) She filed this action on March 8, 2012. [Doc. 1].

[3] In her Second Amended Complaint, the Plaintiff also states that "McCurdy & Candler . . . violated the FDCPA by sending false, deceptive and misleading statements to the Plaintiff." (Second Am. Compl. ¶ 87.) However, the Plaintiff never specifies what these allegedly false statements were.

contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." O.C.G.A. § 13-6-2.

Here, the Plaintiff has not alleged any damages resulting from the alleged breach. No foreclosure sale has taken place.  In response, the Plaintiff argues that she is entitled to damages for mental anguish. (Pl.'s Resp. to Mot. to Dismiss, at 8.) However, "claims for mental pain and suffering are not pecuniary damages, they cannot be recovered pursuant to [a] contract claim[]." Bauer v. N. Fulton Med. Ctr., Inc., 241 Ga. App. 568, 572 (1999); see also Szomjassy v. OHM Corp., 132 F. Supp. 2d 1041, 1061 (N.D. Ga. 2001) ("[T]he defendants seek summary judgment on the plaintiff's claims in Count IV that he is entitled to damages for emotional distress . . . contending that damages for emotional distress cannot be recovered in an action for breach of contract . . . [t]he court agrees that the plaintiff may not recover on his emotional distress claim.").  Thus, the Plaintiff's breach of contract claim should be dismissed.


### E. Trespass

"Every act which unlawfully interferes with a private property owner's absolute right to enjoy its property is a tort for which an action shall lie." Pope v. Pulte Home

<u>Corp.</u>, 246 Ga. App. 120, 120 (2000). In particular, "[a] person commits *trespass* when he knowingly and without authority enters upon the land of another after having received prior notice that such entry is forbidden." <u>Id.</u> (emphasis added). Here, there was no entrance upon the Plaintiff's property. No foreclosure sale has taken place. The Plaintiff's response is that the "Defendants deliberately interfered with Plaintiff's right of enjoyment . . . by . . . prematurely accelerating the loan debt and publishing various Notices of Sale." (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 15.) Although this may suggest a potential interference in the future, no interference has thus far taken place. And the Plaintiff cites to no authority suggesting that those acts independently constitute trespass upon real property. <u>Cf.</u> <u>Miller v. Smith & Smith Land Surveyors, P.C.</u>, 194 Ga. App. 474, 474 (1990) ("[I]t is plain that no trespass of any kind occurred . . . the essential element of Woody's presence on Miller's property was absent."). The Plaintiff's trespass claim should be dismissed.

**F. Intentional and Negligent Infliction of Emotional Distress**

The Plaintiff asserted claims for intentional and negligent infliction of emotional distress based on alleged deficiencies in how the foreclosure process has been administered. To begin, the Plaintiff's negligent infliction of emotional distress claim fails because there was no physical impact. "There is no independent tort in Georgia for negligent infliction of emotional distress." <u>Holbrook v. Stansell</u>, 254 Ga.

App. 553, 554 (2002).  "Generally, [i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." Id. (internal quotation marks omitted).  "The impact rule has three elements: (1) physical impact to the plaintiff; (2) the impact causes physical injury to the plaintiff; and (3) the physical injury causes the plaintiff's mental suffering or emotional distress." Id.  Because the Plaintiff alleges no impact and subsequent physical injury, her negligent infliction of emotional distress claim fails.

Additionally, the Plaintiff's intentional infliction of emotional distress claim fails because she has not alleged conduct that is extreme or outrageous. Under Georgia law, a claim of intentional infliction of emotional distress contains the following elements:  "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe." United Parcel Service v. Moore, 238 Ga. App. 376, 377 (1999).  In order to be sufficiently extreme and outrageous, the conduct must "go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community." Id.  Actionable conduct generally does not include "mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of

daily living." Id.  Whether reasonable persons could find that the conduct reaches this level is a question of law for the court.  See id.; Racette v. Bank of America, N.A., 318 Ga. App. 171, 179 (2012) ("Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law."). Here, even assuming that Chase has improperly administered the foreclosure process, "[s]harp or sloppy business practices . . . are not generally considered as going beyond all reasonable bounds of decency as to be utterly intolerable in a civilized community." United Parcel Service, 238 Ga. App. at 377.  Indeed, far more offensive conduct has failed to satisfy the "extreme and outrageous" requirement.  See Cook v. Covington Credit of Georgia, Inc., 290 Ga. App. 825, 828 (2008) ("[T]hreatening language in the context of collecting a debt does not go beyond all bounds of decency and cannot be regarded as utterly intolerable in a civilized community.").  The Plaintiff's claims for intentional and negligent infliction of emotional distress should be dismissed.

### G. Invasion of Privacy

The Plaintiff asserted a claim for public disclosure of embarrassing private

facts.[4]  The Plaintiff argues that her alleged default under the note was a private fact that was impermissibly disclosed when the Defendants initially publicized the sale of her property. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 19.)  To recover on a theory of public disclosure of embarrassing private facts, "a party must prove: (1) the disclosure of the private facts was a public one; (2) the facts disclosed were private, secluded, or secret facts; and (3) the matter made public was offensive and objectionable to a reasonable person of ordinary sensibilities under the circumstances." Zieve v. Hairston, 266 Ga. App. 753, 756 (2004).  "Pertinent to determining whether a plaintiff may recover for invasion of privacy is the consideration of whether the allegedly tortious behavior is reasonable under the circumstances." Eason v. Marine Terminals Corp., 309 Ga. App. 669, 671-72 (2011).

Here, the Defendants point out – correctly – that even assuming the Plaintiff has satisfied the requisite elements, she has waived any right to privacy.  "The right of privacy . . . like every other right that rests in the individual, may be waived by him . . . (and) this waiver may be either express or implied." Molton v. Commercial Credit

---

[4] "There are four species of the tort of invasion of privacy: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness." Torrance v. Morris Pub. Grp. LLC, 281 Ga. App. 563, 572 (2006) (internal quotation marks omitted).

<u>Corp.</u>, 127 Ga. App. 390, 393 (1972) (internal quotation marks omitted).  The Security Deed expressly states that when the power of sale is invoked, the "Lender shall give a copy of a notice of sale by *public advertisement*."  (Second Am. Compl., Ex. A) (emphasis added).   Thus, the Plaintiff's invasion of privacy claim should be dismissed.[5]

### H. FBPA

The Plaintiff asserts that the Defendants violated the Georgia FBPA.  "The FBPA prohibits '[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.'"  <u>Sheppard v. Bank of Am., NA</u>, 542 Fed. Appx. 789, 793 (11th Cir. 2013) (citing O.C.G.A. § 10-1-393(a)).  However, "[a]s construed by Georgia courts, it appears the FBPA does not apply to transactions that occur in regulated areas of activity, such as *loan lending and servicing*."  <u>Id.</u> (emphasis added).   And the "FBPA does not apply to allegedly deceptive acts or practices that have no potential for harm to the general consuming

_____

[5] Even more, the Plaintiff has cited to no case where a court has held that the disclosure of a default made by a foreclosing entity is "offensive and objectionable."  Indeed, such a conclusion would impose potential liability on any entity conducting a routine foreclosure.

public." Id.  Thus, the Plaintiff's FBPA claim should be dismissed.[6]

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant JPMorgan & Chase Co.'s, Chase Home Finance LLC's, and EMC Mortgage Corporation's Motion to Dismiss [Doc. 68] and GRANTS the Defendant McCurdy & Candler LLC's Motion to Dismiss [Doc. 69].

SO ORDERED, this __2__ day of April, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[6] In response, the Plaintiff simply asserts – without any support – that a violation of the FDCPA constitutes a violation of the Georgia FBPA. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 18.)